678 A.2d 389

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph CATERINO, Appellant.**

Superior Court of Pennsylvania.

Argued April 25, 1996.

Filed May 31, 1996.

44

[redacted]

Stuart Levy, Philadelphia, for appellant.

Jonathan Levy, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: McEWEN, President Judge, SAYLOR and MONTEMURO *, JJ.

MONTEMURO, Justice:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Philadelphia County which sentenced Appellant to four (4) to eight (8) years imprisonment for aggravated assault.[1] For the following reasons, we affirm.

The facts, as summarized by the trial court, are as follows:

From approximately 11:00 p.m. on September 15, 1994, until 1:30 a.m. the next morning, William Ward (Complainant) was in his home taking music lessons. When the lessons finished, his teacher departed. The Complainant also left his home and got into his pickup truck with the intention of going to a WAWA food store to purchase cigarettes for himself and his neighbor (Dee McCoy), and milk and bread for his family.

On the way to WAWA, the Complainant stopped at Ms. McCoy's home to get her cigarette money. As he double-parked the vehicle in front of the house, he saw Ms. McCoy sitting on her steps and the [Appellant] standing near her.

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S. § 2702.

All of a sudden, the [Appellant] yelled to someone across the street, and ran toward the Complainant. When he reached the driver's side of the truck, the [Appellant] yelled at the Complainant seated in his truck "Are you spotting me?", or words to that effect. As the Complainant responded that he did not know what he [Appellant] was talking about, the [Appellant] reached through the open driver's side window and punched the Complainant in the face. The Complainant's eyeglasses broke cutting his nose. The Complainant fell to his right side. When he rose, he looked at the [Appellant] who hit him again in the face, this time with a beer bottle. The Complainant again fell to his right side[,] and as he rose, he saw the [Appellant] coming at him. The Complainant grabbed a hammer from the floor of his truck, threw it at the [Appellant], put the truck in gear, and drove back to his home. When he arrived at his home, the Complainant called the police. As he waited for the police to arrive, he woke his wife, who gave him a clean towel for his nose injury and got the children ready to go with them to the hospital. The Complainant called the police a second time and when the police arrived, he told the officer what had transpired. The officer did not arrest anyone that morning.

After the Complainant made his report to the officer, his wife drove him to the Medical College of Pennsylvania Hospital, where he received stitches on his nose and was released with instructions to return for follow up treatment.

From the hospital, the Complainant and his family went to the Northeast Detective Division and filed a formal complaint. A few days later, the Complainant identified the [Appellant] from a photo line-up. Subsequently, a warrant was sworn out[,] and the [Appellant] was arrested.

On appeal, Appellant argues that the evidence is insufficient to sustain a conviction for aggravated assault, and that counsel was ineffective for failing to object to the offense gravity score used by the sentencing court in determining his sentence.

To obtain a conviction for aggravated assault, the Commonwealth must show that the defendant "attempt[ed] to cause

serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as any "[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

The test for sufficiency of the evidence is whether the evidence accepted as true, as well as all reasonable and permissible inferences, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Fahy*, 512 Pa. 298, 302, 516 A.2d 689, 691 (1986).

As the trial court found that Appellant intended to cause serious bodily injury, we must determine whether the Commonwealth presented sufficient evidence to show that the defendant intentionally caused, or attempted to cause, serious bodily injury, manifesting extreme indifference to the value of human life. 18 Pa.C.S. § 2702(a)(1). The intent to cause serious bodily harm may be shown by circumstances surrounding the incident. *Commonwealth v. Alexander*, 477 Pa. 190, 194, 383 A.2d 887, 889 (1978); *Commonwealth v. Elrod*, 392 Pa.Super. 274, 277, 572 A.2d 1229, 1231 (1990), *allocatur denied*, 527 Pa. 629, 592 A.2d 1297 (1990). Furthermore, the conduct giving rise to the inference that the defendant intended to inflict serious bodily harm need not in itself be life threatening. *Id.* at 277, 572 A.2d at 1231.

In this case, Appellant punched Complainant in the face, knocking him down and cutting his face. Then, as the Complainant sat up, Appellant proceeded to slam a beer bottle down on his already injured and bloodied face. Apparently, this was not sufficient for Appellant, as he prepared to strike the Complainant again. Fortunately, Complainant was able to avoid further attack by throwing a hammer at Appellant and driving away. Based on these facts and circumstances, we agree with the trial court that Appellant intended to inflict serious bodily harm. Whether or not the Complainant actual-

ly suffered serious bodily harm is irrelevant at this stage, as an attempt to inflict serious harm is as punishable as if the attempt succeeds. 18 Pa.C.S. § 2702(a)(1). Accordingly, Appellant's conviction for aggravated assault must stand.

Next, Appellant contends that counsel was ineffective for failing to object to the offense gravity score used by the sentencing court. Generally, a claim for ineffective assistance of counsel must be raised at the first appropriate opportunity where the defendant is represented by new counsel. *Commonwealth v. Griffin*, 537 Pa. 447, 454, 644 A.2d 1167, 1170 (1994). In this case, Appellant was represented by the Defender Association in the filing of the Statement of Matters Complained of on Appeal. As counsel failed to raise this issue at that time, the claim normally would be deemed waived. However, the Defender Association, still representing Appellant, not only asserted that trial counsel was ineffective, but also asserted that it was ineffective for failing to raise the claim in the Statement of Matters Complained of on Appeal. Our Supreme Court has found that

> [w]hen appellate counsel asserts a claim of his or her own ineffectiveness, the case should be remanded so that new counsel may be appointed except (1) where it is clear from the record that counsel was ineffective or (2) where it is clear from the record that the ineffectiveness claim is meritless.

*Commonwealth v. Ciptak*, 542 Pa. 112, 113, 665 A.2d 1161, 1162 (1995). Accordingly, we are not automatically precluded from reviewing this claim.

If, as Appellant asserts, the sentencing court erroneously applied an offense gravity score of "11"[2] rather than "9",[3] then his claim of ineffective assistance of counsel would have arguable merit. *See Commonwealth v. Dickison*, 334

2. With an offense gravity score of "11" and a prior record score of "2", Appellant was subject to a sentence of forty-eight (48) to sixty-six (66) months, plus or minus twelve (12) months.

3. If an offense gravity score of "9" were used, Appellant would have been subject to a sentence of fifteen (15) to thirty (30) months, plus or minus six (6) months.

Pa.Super. 549, 553, 483 A.2d 874, 876 (1984). For the court to properly apply an offense gravity score of "11", it must find that the defendant's conduct actually resulted in serious bodily injury. 42 Pa.C.S. § 9721. Absent such a finding, the court must apply an offense gravity score of "9". *Id.* Therefore, Appellant's claim depends upon the determination of whether Complainant actually suffered serious bodily injury. Unfortunately, the trial court did not expressly make such a finding.[4]

Moreover, a review of prior case law did not uncover a case where a victim suffered substantially similar injuries and the court made a finding that the injuries did, in fact, constitute serious bodily injury. In many cases, the court simply found that the evidence was sufficient to prove intent to cause serious bodily injury. *See Commonwealth v. Aycock,* 323 Pa.Super. 62, 67, 470 A.2d 130, 132 (1983) (evidence showing that defendant used an eighteen inch piece of channel steel to strike the victim on the head and back, causing lacerations on his head that required twenty-seven sutures, was sufficient to support an inference that defendant attempted to cause serious bodily injury); *Commonwealth v. Cavanaugh,* 278 Pa.Super. 542, 545, 420 A.2d 674, 675 (1980) (while "[i]t may be granted that appellant did not cause 'serious bodily injury' to Harris[,]" evidence that defendant repeatedly struck the victim with a tire iron, that he was much larger than the victim, and that he told the victim that next time he would kill him, was sufficient to support an inference that he attempted to cause serious bodily injury).

In the following cases, the court made specific findings as to the extent of the victims' injuries and, therefore, provide some guidance. *Commonwealth v. Alexander,* 477 Pa. 190, 194, 383 A.2d 887, 889 (1978) (broken nose, two black eyes and facial lacerations not considered serious bodily injury); *Commonwealth v. Rife,* 454 Pa. 506, 511, 312 A.2d 406, 409 (1973) (skull fracture and concussion, resulting in loss of memory, is clearly grievous bodily injury); *Commonwealth v. Adams,* 333 Pa.Super. 312, 319, 482 A.2d 583, 587 (1984) (evidence that victim

---

4. The trial court states in its opinion that "it can be argued that the Complainant may not have received a serious bodily injury."

was struck on the head by a door, knocking her to the floor, but not unconscious, was insufficient to prove serious bodily injury); *Commonwealth v. Phillips*, 269 Pa.Super. 537, 542, 410 A.2d 832, 834 (1979) (gunshot wound to leg, requiring two week stay in hospital and resulting in inability to walk for one month, considered serious bodily injury); *Commonwealth v. Benaglio*, 254 Pa.Super. 100, 104, 385 A.2d 544, 546 (1978) (bump on the head does not constitute serious bodily injury).

Two other cases, cited by the Appellant, are of questionable assistance. In *Commonwealth v. Rightley*, 421 Pa.Super. 270, 282–83, 617 A.2d 1289, 1295–96 (1992), the Superior Court panel clearly rejected the trial court's finding that there was insufficient evidence to establish intent to cause serious bodily injury. But, it is unclear whether the panel rejected the trial court's finding that a ruptured eardrum and a minor concussion, requiring a three day stay in the hospital and resulting in a hearing impairment, was not serious bodily injury. In *Commonwealth v. Dohner*, 295 Pa.Super. 342, 355, 441 A.2d 1263, 1270 (1982), the Court did not hold that evidence of a fracture of the eye socket, requiring surgery to repair, was or was not sufficient to establish serious bodily injury if inflicted by one person, as case involved action of three aggressors.

In this case, Appellant punched Complainant in the nose, breaking his glasses and cutting his face. He then proceeded to slam a beer bottle into Complainant's already bloodied face. As a result, Complainant sustained a broken nose and required more than three hours of emergency care to stop the bleeding of a torn artery.[5] At the time of trial, Complainant was still suffering some effects of the attack, as his nose hurt whenever he wore his glasses, and he occasionally coughed up blood.

Clearly, had Complainant's injuries been limited to a broken nose and minor facial lacerations, *Alexander* would preclude

5. Both Complainant and his wife testified that they were told that an artery was torn and that is why it was so difficult to stop the bleeding. The Commonwealth did not present any medical testimony to confirm their testimony. However, it appears that the trial court found their testimony to be otherwise credible, as it accepted their version of the incident over that of the Appellant.

the finding of serious bodily injury. 477 Pa. at 194, 383 A.2d at 889. However, the fact that Complainant also suffered a severed artery, requiring over three hours of emergency medical attention, takes us beyond the holding in *Alexander.* Without medical intervention for the arterial wound, it is conceivable that Complainant could have bled to death. Therefore, we find that when viewed as a whole, the evidence of Complainant's injuries was sufficient to establish serious bodily injury. As such, the application of an offense gravity score of "11" was appropriate. As counsel cannot be deemed ineffective for failing to raise a meritless issue, Appellant's claim for ineffective assistance of counsel is clearly meritless.

Accordingly, there is no need to remand to appoint new counsel. The judgment of sentence is affirmed.