J-S65044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NICHOLAS KIRBY, | |
| Appellee | No. 1140 EDA 2014 |

Appeal from the Order Entered February 6, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012235-2013

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED JANUARY 13, 2015**

The Commonwealth appeals[1] from the order of February 6, 2014, which granted the motion of Appellee, Nicholas Kirby, to quash certain of the charges against him.[2] Under the circumstances of this case, we hold the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth may take an appeal of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution. **See** Pa.R.A.P. 311(d); **see also Commonwealth v. Torres**, 764 A.2d 532, 536, n.2 (Pa. 2001). The Commonwealth has filed such a certification in this case.

[2] The trial court quashed charges of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1); terroristic threats, 18 Pa.C.S.A. § 2706(a)(1); and recklessly endangering another person, 18 Pa.C.S.A. § 2705. (**See** Order, 2/06/14, at unnumbered page 1). At the hearing on Appellee's motion, the Commonwealth agreed to the dismissal of the terroristic threats charge.
*(Footnote Continued Next Page)*

Commonwealth did establish a *prima facie* case of aggravated assault. Accordingly, we reverse and remand for trial.

We take the underlying facts in this matter from the trial court's June 10, 2014 opinion.

> On March 18, 2013, Allen Taylor [Taylor] and his wife, Regina [Regina], were walking home in Philadelphia, when [Appellee] and another unknown male walked past them and approached a neighbor's door. One of the men began kicking the neighbor's door. [Taylor] testified that he asked the men to stop, and told [Regina] to go call 911. At that point, [Appellee] started to walk away while the other male remained at the neighbor's front door. [Regina] was on her step with their dog. When her dog barked, [Appellee] threatened [Regina], stating, "I will kill you and your dog." At this point, [Taylor] ran up to position himself between [Regina] and [Appellee] to protect [her]. [Taylor] testified that [Regina] yelled "look out," at which time the other unknown male jumped onto Taylor's back, and [Appellee] punched Taylor once in the face. [Taylor] stated that he "went down" as a result of being tackled by the other male, and he "couldn't tell you much after that." [Taylor] could not state who hit him after that, just that he was beaten, and the men then walked away.
>
> As a result of the incident, [Taylor] testified that his leg was broken, requiring rods and screws being implanted, and he suffers from dizziness and memory loss. [Taylor] did not testify as to how his leg was broken, as to whether from the fall or otherwise. There was no testimony that any weapon, other than fists, was used during the ordeal. The complainant testified that he did not know where he fell, he did not know which defendant did what once he fell, and that the assault stopped when the two men walked away. As to [Appellee], [Taylor] could only testify that [Appellee] punched him once. The Commonwealth did not call [Regina], or any other witnesses to the incident to testify.

*(Footnote Continued)* ─────────────────

(**See** N.T. Motion Hearing, 2/06/14, at 5). In its brief, the Commonwealth challenges only the quashal of the aggravated assault charge. (**See** Commonwealth's Brief, at 4).

- 2 -

(Trial Court Opinion, 6/10/14, at 3-4) (record citations omitted).

A preliminary hearing in this matter took place on September 27, 2013, and the court bound Appellee over for trial on charges of aggravated assault, simple assault, conspiracy, terroristic threats, and recklessly endangering another person. On October 4, 2013, Appellee filed a motion to quash, wherein Appellee argued that the trial court should dismiss all charges except for simple assault. (*See* Motion to Quash, 10/04/13, at unnumbered pages 1-2; N.T. Motion Hearing, 2/06/14, at 2).[3] Following argument, the trial court dismissed all charges except those of simple assault and conspiracy. (*See id.* at 6).

On March 6, 2014, the Commonwealth filed a motion to reconsider the quashal of the aggravated assault charge only. (*See* Motion for Reconsideration, 3/06/14, at 3-4). The trial court denied the motion for reconsideration on March 12, 2014. The instant timely appeal followed. The trial court did not order the Commonwealth to file a concise statement of errors complained on appeal pursuant to Pa.R.A.P. 1925(b). *See* Pa.R.A.P. 1925(b). Nevertheless, the Commonwealth filed a Rule 1925(b) statement on April 11, 2014. The trial court issued an opinion on June 10, 2014. *See* Pa.R.A.P. 1925(a).

---

[3] The trial court deemed the motion to quash to be a petition for a writ of *habeas corpus*. (*See* Trial Ct. Op., 6/10/14, at 2).

- 3 -

On appeal, the Commonwealth raises a single question for our review:

Did the evidence at the preliminary hearing establish a *prima facie* case of aggravated assault where [Appellee] and an accomplice beat the victim for five minutes, causing him to suffer a concussion and a broken leg?

(Commonwealth's Brief, at 4).

Our standard of review is as follows:

. . . it is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary. Indeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial, *prima facie* burden to make out the elements of a charged crime.

\* \* \*

At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a prima facie case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

***Commonwealth v. Karetny***, 880 A.2d 505, 513-14 (Pa. 2005) (citations omitted). Further, we note that the function of a preliminary hearing "is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. Its purpose is not to prove

defendant's guilt." ***Commonwealth v. Jackson***, 849 A.2d 1254, 1257 (Pa. Super. 2004) (citation omitted).

A person commits aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

18 Pa.C.S.A. § 2702(a)(1). We have defined "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Here, trial court found that the testimony at the preliminary hearing demonstrated that Appellee only hit the victim, Taylor, once and the testimony was "sparse" as to what occurred when the victim was on the ground. (Trial Ct. Op., at 5). The record does not support this finding. Taylor testified that Appellee threatened to kill his wife Regina; when Taylor moved between Appellee and Regina, the co-conspirator jumped on his back, and Appellee punched him. (***See*** N.T. Preliminary Hearing, 9/27/13, at 5-6). While Taylor had little specific memory of what occurred after he fell to the ground, he testified that he remembered one of the men who was on top of him hitting him in the face and leg, and both men "were beating on me." (***Id.*** at 11; ***see also id.*** at 6) ("I was being hit all over."). Further, the testimony at the preliminary hearing established that, because of the incident, Taylor sustained a concussion and a broken leg, which required the

insertion of rods and screws, causing him to miss two months of work; he continues to suffer from dizzy spells and memory loss. (*See* N.T. Preliminary Hearing, 9/27/13, at 6-7).

Viewing the evidence in the light most favorable to the Commonwealth, the Commonwealth established a *prima facie* case that Appellee who was acting in concert with a second man, caused serious bodily injury to Taylor. *See Commonwealth v. Bradley*, 69 A.3d 253, 257 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1095, (Pa. 2013) (broken arm was sufficient to show serious bodily injury); *Commonwealth v. Rightley*, 617 A.2d 1289, 1295 (Pa. Super. 1992) (concussion was sufficient to show serious bodily injury).

Moreover, Appellee and his co-conspirator acted recklessly under circumstances manifesting extreme indifference to the value of human life, when, without provocation, they jumped Taylor and beat him. *See Commonwealth v. Patrick*, 933 A.2d 1043, 1046 (Pa. Super. 2007), *appeal denied*, 940 A.2d 364 (Pa. 2007) (Commonwealth established *prima facie* case for aggravated assault where defendant made surprise attack on victim, punching him on head, which knocked him to ground and showed reckless indifference under circumstances).

In addition, the Commonwealth made a *prima facie* showing that Appellee attempted to cause serious bodily injury. We have stated that, "[t]he intent to cause serious bodily harm may be shown by circumstances

surrounding the incident. Furthermore, the conduct giving rise to the inference that the defendant intended to inflict serious bodily harm need not in itself be life threatening." ***Commonwealth v. Caterino***, 678 A.2d 389, 391 (Pa. Super. 1996), *appeal denied*, 684 A.2d 555 (Pa. 1996) (citations omitted). As stated above, the circumstances surrounding the incident demonstrated that Appellee, without provocation, threatened to kill Regina, and he and his co-conspirator beat Taylor for approximately five minutes while he was on the ground. This was sufficient to establish a *prima facie* case for aggravated assault. ***See Commonwealth v. Glover***, 449 A.2d 662, 666 (Pa. Super. 1982), *affirmed*, 458 A.2d 935 (Pa. 1983) (evidence sufficient to sustain **conviction** for aggravated assault where defendant, acting with two other men, struck victim repeatedly).

Thus, we find that the trial court erred in quashing the charge of aggravated assault. The Commonwealth established a *prima facie* case that Appellee committed aggravated assault. ***See Karenty***, ***supra*** at 513-14; ***Patrick***, ***supra*** at 1046. Accordingly, we reverse the trial court's order and remand the case for proceedings consistent with this decision.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/13/2015</u>