J-S32039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EUGENE ISLER, | : | |
| | : | |
| Appellant | : | No. 39 WDA 2015 |

Appeal from the Judgment of Sentence entered on December 17, 2014
in the Court of Common Pleas of Fayette County,
Criminal Division, No. CP-26-CR-0001102-2014

BEFORE: SHOGAN, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 3, 2015**

Eugene Isler ("Isler") appeals from the judgment of sentence imposed following his conviction of one count each of aggravated assault, simple assault and harassment.[1]  We affirm.

The trial court set forth the relevant factual and procedural history in its Opinion, which we adopt for purposes of this appeal.  ***See*** Trial Court Opinion, 2/19/15, at 3-4.[2]

On appeal, Isler raises the following issues for our review:

1. Did the [trial] court err in permitting the Commonwealth to play [a] forensic interview [of the child witness to the jury] prior to [the time that the] elements of the offense[s] charged were established?

---

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2709(a)(1).

[2] Pursuant to the trial court's order, Isler filed a Concise Statement of issues complained of on appeal.  Thereafter, the trial court issued an Opinion, pursuant to Pa.R.A.P. 1925(a).

2. Was the evidence insufficient to sustain [Isler's] conviction[s] based upon the testimony and evidence presented at trial by the Commonwealth?

3. Was the evidence presented by the Commonwealth insufficient relative to the [charges of] aggravated assault and simple assault[,] as the Commonwealth presented no evidence to establish [that Isler] caused the victim[']s injuries[,] or had the intent to harm the victim?

4. Was the evidence legally and factually insufficient to show that [Isler] committed the crimes beyond a reasonable doubt[, because]

   A. The evidence did not show that any action by [Isler] caused or attempted to cause [*sic*] serious bodily injury[?]

   B. The evidence did not show that any action[ ]by [Isler] attempted to cause [*sic*] injury[?]

   C. There was no evidence to show [that Isler] placed the alleged victim in danger of death or serious bodily injury[?]

5. Did[ ]the jury disregarded [*sic*] the judge's charge of justification (self[-]defense) in the instant case?

6. Was [*sic*] [Isler's] constitutional, due process and right to confrontation rights violated when [the trial judge] did not allow [Isler] to be present at an *in camera* hearing of [the] child witness[,] which did not involve any crime of a sexual nature?

Brief for Appellant at 8-9 (capitalization omitted).[3]

In his first issue, Isler asserts that the victim testified that she did not

recall Isler ever hitting or striking her. *Id*. at 14 (citing N.T., 12/8/14, at

_____

[3] Isler does not raise any claim regarding his conviction of harassment; rather, his claims pertain only to his convictions of aggravated assault and simple assault.

50).  On this basis, Isler contends that the trial court erred by permitting the Commonwealth to play a forensic interview of the child witness before the elements of the offenses charged were established.  Brief for Appellant at 14.  Isler claims that the child witness testified that "all [Isler] and the victim were doing were [*sic*] arguing" and that he "never saw the alleged victim fall."  ***Id***. at 14-15 (citing N.T., 12/8/14, at 87, 94).  Therefore, Isler contends, the trial court erred by permitting the Commonwealth to play the forensic interview of the child witness before the elements of the crimes charged had been proven beyond a reasonable doubt.  Brief for Appellant at 15.

Isler fails to cite any legal authority in support of his claim, in violation of Pennsylvania Rule of Appellate Procedure 2119(a).  ***See*** Pa.R.A.P. 2119(a).  Further, Isler has failed to identify the place in the record where this issue was preserved in the trial court, as required by our procedural rules.  ***See*** Pa.R.A.P. 2117(c), 2119(e).  Our independent review confirms that no objection of this nature was contemporaneously made when the forensic interview of the child witness was played to the jury.  ***See*** N.T., 12/9/14, at 39-41; ***see also Commonwealth v. Olsen***, 82 A.3d 1041, 1050 (Pa. Super. 2013) (stating that a defendant must make a timely and specific objection at trial or face waiver of the issue on appeal).  Thus, because Isler failed to preserve this issue for our review, it is waived.  ***See***

Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Isler's second, third and fourth issues each present a challenge to the sufficiency of the evidence. Accordingly, we will address them together. Isler contends that the evidence presented at trial was insufficient to prove every element of the crimes charged beyond a reasonable doubt. Brief for Appellant at 17, 18, 23, 25. Isler asserts that his convictions were based on mere speculation. *Id*. at 18, 25.[4] Isler claims that the Commonwealth did not establish his intent to inflict serious bodily injury or that he attempted to inflict such injuries. *Id*. at 19. Isler contends that he "did not commit a series of acts that would tend to show his intent," and that "[t]his indicates that [Isler] did not intend to cause the victims serious bodily injury or to place them in fear of it." *Id*. at 21, 27. Isler asserts that the record is "devoid of any direct or circumstantial evidence to show that [he] caused the victims injuries or had the intent to harm the victim." *Id*. at 22, 25.

In its Opinion, the trial court addressed Isler's second, third and fourth issues, set forth the relevant law, and determined that they lack merit. *See*

---

[4] Isler also argues that the jury's verdict was against the weight of the evidence. Brief for Appellant at 18-19, 25. A claim that the verdict is against the weight of the evidence is waived unless it is raised in the trial court in a motion for a new trial, in a motion prior to sentencing, or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A)(1)-(3); *see also Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa. Super. 2011). Here, because Isler failed to raise this issue in the trial court, he has failed to preserve this issue for our review.

Trial Court Opinion, 2/19/15, at 5-9. We concur with the sound reasoning of the trial court and affirm on this basis as to these issues. **See id**.

In his fifth issue, Isler contends, without explanation, that the jury disregarded the judge's instruction on justification. Brief for Appellant at 29.

In its Opinion, the trial court addressed Isler's fifth issue, set forth the relevant law, and determined that it lacks merit. **See** Trial Court Opinion, 2/19/15, at 9. We concur with the sound reasoning of the trial court and affirm on this basis as to this issue. **See id**.

In his final claim, Isler contends that he was removed by the trial judge from the *in camera* hearing of the child witness, and that such removal violated his constitutional, due process and confrontation rights. Brief for Appellant at 30.

In its Opinion, the trial court addressed Isler's final issue, set forth the relevant law, and determined that it lacks merit. **See** Trial Court Opinion, 2/19/15, at 10-13. We concur with the sound reasoning of the trial court and affirm on this basis as to this issue. **See id**.

Judgment of sentence affirmed.

Shogan, J., joins the memorandum.

Olson, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL DIVISION |
| --- | --- |
| v. | |
| EUGENE ISLER, | No. 1102 of 2014 |
| Defendant. | |

# OPINION

*Meghann Mikluscak, Esq. Assistant District Attorney*
*Mary Campbell-Spegar, Esq. for the Defendant*

*LESKINEN, J.*

Before the Court is a "Concise Statement of Matters Complained of Appeal" that was filed on behalf of Defendant Eugene Isler (hereinafter "Defendant"). On December 11, 2014, Defendant was convicted by a jury of Aggravated Assault and Simple Assault. In addition, the Court found Defendant guilty of Harassment. On December 17, 2014, Defendant was sentenced to a period of incarceration of not less than three and one half (3 ½) years and not more than ten (10) years. This sentence is to run consecutive to a sentence imposed on May 21, 2014 by Senior Judge Solomon at No. 1900 of 2013, Count 1. This timely appeal followed.

Defendant raises the following issues:

"**ISSUE NO. 1:** DID THE COURT ERR IN PERMITTING THE COMMONWEALTH TO PLAY FORENSIC INTERVIEW PRIOR TO ELEMENTS OF THE OFFENSE CHARGED WERE ESTABLISHED?

1

**ISSUE NO. 2:** WAS THE EVIDENCE SUFFICIENT TO SUSTAIN CONVICTION BASED UPON THE TESTIMONY AND EVIDENCE PRESENTED AT TRIAL BY THE COMMONWEALTH?

**ISSUE NO. 3:** WAS THE EVIDENCE PRESENTED BY THE COMMONWEALTH INSUFFICIENT RELATIVE TO THE AGGRAVATED ASSAULT AND SIMPLE ASSAULT AS THE COMMONWEALTH PRESENTED NO EVIDENCE TO ESTABLISH THE APPELLANT CAUSED THE VICTIMS INJURIES OR HAD THE INTENNT [SIC] TO HARM THE VICTIM?

**ISSUE NO. 4:** WAS THE EVIDENCE LEGALLY AND FACTUALLY INSUFFICIENT TO SHOW THAT DEFENDANT COMMITTED THE CRIMES BEYOND A REASONABLE DOUBT?

  A. THE EVIDENCE DID NOT SHOW THAT ANY ACTION BY APPELLANT CAUSED OR ATTEMPTED TO CAUSE SERIOUS BODILY INJURY

  B. THE EVIDENCE DID NOT SHOW THAT ANY ACTIONBY [SIC] THE APPELANT ATTEMPTED TO CAUSE INJURY

  C. THERE WAS NO EVIDENCE TO SHOW THE APPELLANT PLACED THE ALLEGED VICTIM IN DANGER OF DEATH OR SERIOUS BODILY INJURY

**ISSUE NO. 5:** DIDTHE [SIC] JURY DISREGARDED [SIC] THE JUDGE'S CHARGE OF JUSTIFICATION (SELF DEFENSE) IN THE INSTANT CASE?

**ISSUE NO. 6:** WAS THE APPELLANT'S CONSTITUTIONAL, DUE PROCESS AND RIGHT TO CONFRONTATION RIGHTS VIOLATED WHEN COURT DID NOT ALLOW APPELLANT TO BE PRESENT AT AN IN CAMERA HEARING OF CHILD WITNESS WHICH DID NOT INVOLVE ANY CRIME OF A SEXUAL NATURE?"

2

## BACKGROUND

The victim Rita Lowery resides at 159 Connellsville Street, Uniontown, Pennsylvania. (Trial Tr. Day 1, 42, Dec. 8, 2014). The incident in question here occurred on May 4, 2014. *Id.* at 44. At that time, also residing at the Connellsville address was the Defendant and Darion Seehoffer, a minor. *Id.* at 43. Rita Lowery was acting as guardian over Darion and had been acting in such a capacity since Darion was ten months old. *Id.* at 47. On the night of May 4th, an argument occurred between the victim and the Defendant over money. *Id.* at 44. The argument began with verbal insults but quickly escalated and became physical. *Id.* at 44-49.

The Defendant repeatedly punched Ms. Lowery in the face, as many as three times, and choked her with his arm around her neck. (Trial Tr. Day 2, 48-50, Dec. 9, 2014). The Defendant choked the victim more than once during the fight. *Id.* at 57. Having witnessed the physical altercation between the victim and Defendant, Darion Seehoffer confronted the Defendant and pleaded several times for him to stop. *Id.* Darion then called the police after having witnessed the incident. (Trial Tr. Day 1, 88, Dec. 8, 2014). By the time police and emergency medical personnel arrived, the Defendant had left the residence. *Id.* at 89.

Police and paramedics who arrived at the Connellsville address found Rita Lowery unconscious, slumped over a chair making snoring respirations, and covered in her own vomit *Id.* at 61, 103; (Trial Tr. Day 2, 67, Dec. 9, 2014). Ms. Lowery never regained consciousness while paramedics attended to her at her residence. (Trial Tr. Day 1, 63, Dec. 8, 2014). Due to the severity of her injuries, the victim needed a life

3

flight from Uniontown Hospital to Ruby Hospital in West Virginia. *Id.* at 50, 62. Ms. Lowery finally regained consciousness at the hospital, but has no memory from the time the fight began until she woke up in the hospital. *Id.* at 46. She remained a patient at Ruby Hospital for forty-eight (48) days because of her injuries. *Id.*

On May 5, 2014, Defendant was brought to the Uniontown Police Station and was interviewed by Captain David Rutter. (Trial Tr. Day 2, 120, Dec. 9, 2014). After being brought into custody, Defendant was read his *Miranda* rights, which he waived. *Id.* at 121-23. During the interview, the Defendant became emotional and stated, "I didn't squeeze that hard. Please." *Id.* at 126. The Defendant then indicated he held Rita Lowery down on the loveseat while choking her. *Id.* at 127-28. The Defendant reiterated that he choked her from behind with one arm around her neck for at least twenty (20) seconds, and further confessed he may have punched her. *Id.* at 132-35.

Defendant was charged with four counts: Aggravated Assault, Criminal Attempt to Commit Homicide, Simple Assault, and summary Harassment. A jury trial was held before this Court on December 8-11, 2014, and Defendant was found guilty on all counts except the Criminal Attempt.

On December 17, 2014, Defendant was sentenced to a period of incarceration of not less than three and one half (3 ½) years and not more than ten (10) years, with this sentence to run consecutive to a prior sentence. Counsel made no Post-Sentence Motions and filed this timely appeal.

4

# DISCUSSION

## *The playing of the forensic interview for the jury*

First, Defendant argues that the Court erred in permitting the Commonwealth to play a video of the forensic interview of the child witness before the elements of the offenses charged were presented. Defendant fails to cite any authority which gives merit to his argument. Through our own research, the Court has not found any cognizable authority to support this argument and does not understand the grounds for it. Furthermore, Defense counsel offered no objection at the time the Commonwealth played the forensic interview for the jury. (*See* Trial Tr. Day 2, 41, Dec. 9, 2014). Therefore, this argument is without merit.

## *Sufficiency of the evidence*

In Issues 2, 3 and 4, Defendant makes several claims regarding the sufficiency of the evidence. In particular, Defendant avers the evidence was insufficient as to the following: to sustain a conviction, relative to both Aggravated Assault and Simple Assault, and to prove Defendant committed the crimes beyond a reasonable doubt. Defendant further elaborates on the reasonable doubt issue by claiming the evidence did not show 1) Defendant caused or attempted to cause serious bodily injury; 2) attempted to cause injury; and 3) placed the victim in danger of death or serious bodily injury.

On appeal, the standard applied for a determination of the sufficiency of the evidence is:

5

whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Snyder*, 870 A.2d 336, 350 (Pa. Super. 2005) (citations omitted).

Regarding the crimes the Defendant was convicted of here, a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). A person is guilty of simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). A person is guilty of harassment when "with intent to harass, annoy or alarm another, the person strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same." 18 Pa.C.S.A. § 2709(a)(1).

The sum of Defendant's argument is that the Commonwealth's evidence was insufficient in establishing that the Defendant caused or intended to cause the injuries to Rita Lowery. This claim, however, is without merit. When considering the testimony presented at trial, it is clear that the Commonwealth presented ample evidence of

6

Defendant's guilt, and thereby carried its burden in proving the necessary elements of these crimes. The testimony of several witnesses established that the Defendant assaulted Rita Lowery.

First, Rita Lowery herself testified about the incident. Lowery stated that she and the Defendant began to argue, and he "got really mad and he came at me...I don't know if he hit me in the head or he hit the wall, but I turned...he went to hit me and I turned like away from it." (Trial Tr. Day 1, 45, Dec. 8, 2014). She then testified there was shoving between her and the Defendant. *Id.* After that, Ms. Lowery has no memory of anything until she woke up in Ruby Hospital, where she was admitted for forty-eight (48) days. *Id.* at 46.

Darion Seehoffer next testified in further detail about the confrontation between Lowery and the Defendant, having witnessed it first-hand. At trial, Darion stated the Defendant "started beating her up...he like punched her in the arm." *Id.* at 100. Darion then said Lowery passed out "after it happened." *Id.* at 103. Subsequent to Darion's trial testimony, the Commonwealth played a video forensic interview between Darion and Desirea Patterson of Child's Place at Mercy Hospital. In this interview, Darion said the Defendant "punched her and kept punching her, and he punched her in the face...then he choked her." (Trial Tr. Day 2, 48, Dec. 9, 2014). Darion specified that the Defendant punched Ms. Lowery three times and choked her more than once. *Id.* at 49-50, 57. In describing the choking, Darion said, "She couldn't breathe...I kept telling him to stop and then she stopped breathing." *Id.* at 57.

7

The Commonwealth then played a video deposition of Dr. Charles Rosen, who was Rita Lowery's attending physician. Dr. Rosen explained the injuries to Rita Lowery do not occur naturally and "would take a significant trauma to cause this injury." *Id.* at 100-01. When questioned as to whether this trauma may have occurred naturally, Dr. Rosen replied in the negative and said "it is extraordinarily likely that this was a traumatic subdural hematoma." *Id. at* 108-09.

Lastly, the jury was able to hear Defendant himself, in a recorded interview with Captain David Rutter of the Uniontown Police Department, describe this incident. In the interview, the Defendant said, "I didn't squeeze that hard. Please." *Id.* at 126. The Defendant indicated to Captain Rutter that he held Rita Lowery down, choking her on the loveseat so she would stop. *Id.* at 126-27. The Defendant confessed he was behind her at one point with his arm around her neck. *Id.* at 133-34. Moreover, the Defendant said he "may have" punched her because he was mad at her, and during the interview, Captain Rutter did observe physical injury to Defendant's right hand. *Id.* at 126, 154.

This testimonial evidence is more than sufficient for the jury to find Defendant guilty of the crimes charged here, and equally sufficient to sustain his conviction. *See, e.g., Commonwealth v. Faulk,* 928 A.2d 1061, 1071 (Pa. Super. 2007) (holding punching victim numerous times in the head rendering him unconscious, with physician testifying to a "substantial force" as causing the injuries, was sufficient to establish aggravated assault); *Commonwealth v. Emler,* 903 A.2d 1273, 1278-79 (Pa. Super. 2006) (finding sufficient evidence to support conviction on both simple assault and harassment where defendant "grabbed [the victim] from behind in a choking hold,

8

pinned him to the ground with his heavier body, and struggled with him for control of a loaded shotgun."); *Commonwealth v. Caterino*, 678 A.2d 389, 392-93 (Pa. Super. 1996) (holding injuries to victim requiring over three hours of emergency medical attention was sufficient to establish serious bodily injury for aggravated assault). Thus, the Defendant's sufficiency of the evidence arguments must fail.

### Justification charge to the jury

Next, Defendant questions whether the jury disregarded this Court's charge of justification. This argument must fail because it is not for the Court to pass judgment upon a question of how the jury may have weighed the evidence. When there is evidence to support a defense, it is *"for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge."* *Commonwealth v. DeMarco*, 809 A.2d 256, 261 (Pa. 2002) (quoting *Commonwealth v. Lightfoot*, 648 A.2d 761, 764 (Pa. 1994)) (emphasis added).

In the case *sub judice*, this Court properly charged the jury on a justification defense, as there was evidence presented at trial to support such a charge. (*See, e.g.,* Trial Tr. Day 1, 49, 87, Dec. 8, 2014). As the trier of fact, it was for the jury alone to weigh the evidence and determine whether the Defendant justifiably used force in self-defense against Rita Lowery. The jury, however, concluded that Defendant's use of force was not justifiable by convicting him on both assault counts. It is impermissible for this Court to now make a contrary finding as to the jury's assessment of the evidence, or to somehow rule that the jury may have disregarded the justification charge entirely. Therefore, Defendant's claim here fails.

### *In camera hearing of child witness*

Finally, Defendant argues that his due process and Confrontation Clause rights were violated when the Court did not allow him to be present for an in camera hearing with Darion Seehoffer, a minor, since Defendant's crimes were not sexual in nature. However, this argument is inconsistent with the mandate of the statutes governing out-of-court statements by child witnesses. 42 Pa.C.S.A. § 5985.1 provides:

> Admissibility of certain statements
>
> (a) General rule.—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:
>
> > (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
> >
> > (2) the child either:
> >
> > > (i) testifies at the proceeding; or
> > >
> > > (ii) is unavailable as a witness.
>
> (a.1) Emotional distress.—In order to make a finding under subsection (a)(2)(ii) that the child is unavailable as a witness, the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress that would substantially impair the child's ability to reasonably communicate. In making this determination, the court may do all of the following:
>
> > (1) Observe and question the child, either inside or outside the courtroom.
> >
> > (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child in a medical or therapeutic setting.

10

(a.2) Counsel and confrontation.—If the court hears testimony in connection with making a finding under subsection (a)(2)(ii), all of the following apply:

> (1) Except as provided in paragraph (2), the defendant, the attorney for the defendant and the attorney for the Commonwealth or, in the case of a civil proceeding, the attorney for the plaintiff has the right to be present.

> (2) If the court observes or questions the child, the court shall not permit the defendant to be present.

At the hearing, Defense counsel offered no specific objection to Defendant's removal from the room, but merely stated that "anything we have ever done in camera, the defendant has always been with me." (Trial Tr. Day 1, 75, Dec. 8, 2014). Nevertheless, the Court questioned the child Darion outside of the Defendant's presence in order to make a determination under § 5985.1. While the statute allows defense counsel to be present if the court observes or questions a child witness during the process of determining whether to permit the special procedures for taking testimony, the court *may not* permit the defendant to be present. *See* § 5985.1(a.2)(2) (emphasis added). In addition, the Defendant's assertion that his rights were violated because his crimes were not of a sexual nature is misguided, as § 5985.1(a) plainly applies to child witnesses in assault offenses as well.

The Pennsylvania Supreme Court recently held that a § 5985 hearing is not a critical stage for purposes of a defendant's right to be confronted with the witnesses against him. *Commonwealth v. Williams*, 84 A.3d 680, 686-87 (Pa. 2014) (citing *Maryland v. Craig*, 497 U.S. 836, 858 (1990)). In *Williams*, the defendant argued that his due process and confrontation rights were violated in not allowing him to offer rebuttal testimony at the § 5985 hearing to the Commonwealth's expert testimony of the

11

minor victim's psychological state. 84 A.3d at 685. The court found, based on the Supreme Court's ruling in *Craig*, "a Section 5985 hearing is not a critical stage. Contrary to Appellant's assertions, his substantive right 'to be confronted with the witnesses against him,' as guaranteed under the Sixth Amendment to the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution, is not subject to preservation or loss in a Section 5985 hearing." *Williams*, 84 A.3d at 686-87 (quoting *Craig*, 497 U.S. at 858).

The *Williams* court also concluded that there was no violation of defendant's due process rights in denying him access to medical information and in presenting expert testimony regarding the minor victim at the hearing. 84 A.3d at 687-88. The court reasoned that there was no violation based on "the narrow and highly focused judicial inquiry" under § 5985, "which balances the state's interest in protecting a child who is the victim of a crime against the constitutional interest of the accused in confronting the witnesses against him or her." *Id.* The legislative intent behind these hearings is a public policy concern of protection of the child in the criminal justice system, *See* 42 Pa.C.S.A. § 5981, while also taking into consideration the accused rights under § 5985.

Here, Defendant's counsel had the opportunity to be present the entire time and question Darion at the in camera hearing. (Trial Tr. Day 1, 78-79, Dec. 8, 2014). The Court, having used the hearing for the sole purpose of determining Darion's credibility, believed him competent to testify at trial. *Id.* at 83. Darion did testify at trial, then giving the Defendant the opportunity of face-to-face confrontation of a witness sworn under oath, full cross-examination, and in-person observation of the witness by the court, jury, and defendant. *See Williams*, 84 A.3d at 689 (finding the rights of the accused are

12

preserved for § 5985 purposes under these circumstances). Accordingly, we find no violation of Defendant's rights in denying him access to the hearing, and his argument carries no weight.

## CONCLUSION

For the aforementioned reasons, the Court cannot agree with Defendant's contentions, and affirms its trial rulings and Defendant's judgment of sentence.

BY THE COURT:

STEVE P. LESKINEN, JUDGE

ATTEST:

CLERK OF COURTS

2-19-15   11:40
DIST/DATE

DEF_____
DA     I
PO     I
PD     I
WARD   I
SHER_____
CA     I
ATTY_____
CC_____
Bar Assoc -R

13