J-A01011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAJEE R. JONES | : | |
| | : | |
| Appellant | : | No. 2736 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 26, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003961-2022

BEFORE: DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED APRIL 25, 2025**

Appellant, Najee R. Jones, appeals from the September 26, 2023, judgment of sentence entered in the Philadelphia County Court of Common Pleas following Appellant's convictions of Aggravated Assault by Vehicle and Accidents Involving Death or Personal Injury, both graded as third-degree felonies. Appellant challenges the sufficiency of the evidence, claiming, *inter alia,* that the Commonwealth failed to prove that the victim suffered "serious bodily injury" as required for both convictions. After careful review, we agree that the evidence was insufficient. Accordingly, we are constrained to reverse the convictions and vacate the judgment of sentence.

The following factual and procedural history derives from the trial court's opinion and the certified record. Around lunchtime on November 4, 2021, Appellant was sitting in his parked vehicle in front of Tamitha Martin-Davis' ("Victim's") house arguing with Victim and Takira Davis, who were outside his

vehicle. Takira Davis is the mother of Appellant's then-eight-year-old son. After Victim cursed at Appellant, he responded, "I should have fucked you up," "I should shoot you," and "I should run you the fuck over." N.T. Trial, 5/24/2023, at 41. Victim, who was standing in front of his vehicle, replied, "go ahead." *Id*. Appellant then backed up his vehicle "less than six feet" before driving forward into her. *Id.* at 43. The impact "flipped" Victim onto a parked car, which she rolled off, hitting the ground. *Id.* Appellant immediately drove away, hitting the parked car in the process of fleeing.

After being transported by ambulance, Victim received treatment at a hospital "where she experienced pain in her whole body and was unable to walk for some hours." Trial Ct. Op. at 2 (citation and internal quotation marks omitted). The parties stipulated that the hospital discharged Victim approximately three hours after her arrival. N.T., 5/24/23, at 52. Victim testified that she continued to have pain in her back for a week and followed the advice of "[t]he nurse and doctor [who told her to] keep moving" to prevent stiffness. *Id.* at 50. She stated that she returned to work "[a]bout a week" after the incident. *Id.*

The Commonwealth charged Appellant with numerous crimes, and the trial court presided over a jury trial from May 23-25, 2023. On May 25, 2023, the jury convicted Appellant of Aggravated Assault by Vehicle and Accidents Involving Death or Personal Injury.[1] The jury acquitted Appellant of

_____

[1] 75 Pa.C.S. §§ 3732.1(a); 3742(a) (respectively).

- 2 -

Aggravated Assault: Attempt to Inflict Serious Bodily Injury, Aggravated Assault: Causing Bodily Injury with a Deadly Weapon, and Terroristic Threats. The verdict sheet did not include an interrogatory asking if Victim's injuries constituted serious bodily injury. On September 26, 2023, the trial court imposed an aggregate sentence of three years of probation.[2]

On October 20, 2023, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues on appeal:

A. Whether the prosecution failed to present sufficient evidence to prove, beyond a reasonable doubt, that [Appellant] committed the crime of Aggravated Assault by Vehicle, 75 Pa.C.S. § 3732.1(a), where the evidence did not establish that the complainant suffered serious bodily injury, or that [Appellant] caused serious bodily injury while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic, thus compelling the conclusion that [Appellant's] Due Process rights under the Constitution of the United States and of the Commonwealth of Pennsylvania were violated and requiring that the conviction be reversed and vacated?

---

[2] The record in this case is not a model of clarity. The verdict sheet indicates that the jury convicted Appellant of Aggravated Assault by Vehicle and Accidents Involving Death or Personal Injury. However, the parties noted at sentencing that the docket reflected only the later charge, which the trial court stated was incorrect. N.T. Sentencing, 9/26/23, at 13-17. Similarly, while the notes of testimony of the sentencing hearing demonstrate that the court imposed a sentence of "three years of reporting probation" "for both charges[,]" the sentencing order references only Accidents Involving Death or Personal Injury. *Id.* at 39; Order, 9/26/23. In his brief to this Court, Appellant does "not dispute" that the jury convicted and the court sentenced Appellant for both offenses. Appellant's Br. at 3 n.1.

B. Whether the prosecution failed to present sufficient evidence to prove, beyond a reasonable doubt, that [Appellant] committed the crime of Accidents Involving Death or Personal Injury, Felony of the Third Degree, pursuant to 75 Pa.C.S. § 3742(a) where the evidence did not establish that the complainant suffered serious bodily injury, thus compelling the conclusion that [Appellant's] Due Process rights under the Constitution of the United States and of the Commonwealth of Pennsylvania were violated and requiring that the conviction be reversed and vacated?

Appellant's Br. at 6.

Both of Appellant's issues challenge the sufficiency of the evidence, which present questions of law. *See Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Accordingly, "our standard of review is *de novo*[,] and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

Courts will find evidence "sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Widmer*, 744 A.2d at 751. "When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Lake*, 281 A.3d 341, 345 (Pa. Super. 2022). "[T]he trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence" and may rely entirely on circumstantial evidence. *Commonwealth*

***v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017).  A reviewing court "may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Appellant challenges his conviction for Aggravated Assault by Vehicle, which the General Assembly defined in relevant part as follows:

> Any person who recklessly or with gross negligence causes **serious bodily injury** to another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle . . . is guilty of aggravated assault by vehicle, a felony of the third degree when the violation is the cause of the injury.

75 Pa.C.S. § 3732.1(a) (emphasis added).

Appellant argues that the evidence was insufficient to prove the requisite element of "serious bodily injury."  Appellant's Br. at 20-21, 27-29. The Vehicle Code, like the Crimes Code, defines "serious bodily injury" as "[a]ny bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ."  75 Pa.C.S. § 102; 18 Pa.C.S. § 2301.  In contrast, the Codes define "bodily injury" as "[i]mpairment of physical condition or substantial pain." ***Id.***  As the definitions in the Vehicle Code mirror those in the Crimes Code, cases applying the Crimes Code definitions are applicable to our analysis.

Appellant contends that Victim did not suffer "serious bodily injury," emphasizing that Victim's hospital records state that she suffered "'no acute traumatic injuries" and that on discharge she was "ambulatory with a strong steady gate."  Appellant's Br. at 21 (citing Commonwealth's Exhibit C3).

Appellant observes that the records indicate that she could return to work the next day. *Id.* Appellant highlights that, unlike other cases involving serious bodily injury, Victim had "no broken bones, no internal injuries, was not required to have surgery, and her hospital stay lasted just a few hours." *Id.* at 29.

We agree with Appellant that the evidence is insufficient to meet the statutory definition of serious bodily injury because Victim's injuries did not (1) create "a substantial risk of death[;]" (2) cause her "serious, permanent disfigurement[;]" or (3) cause her "protracted loss or impairment of the function of any bodily member or organ." 75 Pa.C.S. § 102.

First, we conclude that the Commonwealth failed to present evidence that Victim's injuries created a "substantial risk of death." *Id.* We emphasize that the statute focuses on whether the **injury** creates a substantial risk of death and not whether the defendant's actions created a risk of death. 75 Pa.C.S. § 102 ("serious bodily injury"); *see*, *e.g.*, *Commonwealth v. Caterino*, 678 A.2d 389, 393 (Pa. Super. 1996) (explaining that a severed artery constituted a serious bodily injury where it could have resulted in the victim bleeding to death). Thankfully, Victim's injuries, which included back pain, did not place her in mortal danger, even though Appellant's action of hitting her with a vehicle could have caused life-threatening injuries.

Second, the record does not include any allegation that Victim suffered "serious permanent disfigurement" as a result of her injuries. 75 Pa.C.S. § 102 ("serious bodily injury").

- 6 -

Finally, we conclude that the evidence does not demonstrate that Victim suffered "protracted loss or impairment of the function of any bodily member or organ." *Id.* Notably, this Court has concluded that serious bodily injury applies where an injury caused immobility of a body party, such as a broken bone; resulted in the extended inability to walk; or required surgery or lengthy hospitals stays. *See, e.g., Commonwealth v. Grays*, 167 A.3d 793, 808 (Pa. Super. 2017) (rejecting sufficiency challenge where child victim of vehicle accident suffered "a growth plate injury to his wrist" requiring casting and a perforated bowel which required surgery and "created a significant risk of infection and ultimately septic shock," which could lead to death); *Commonwealth v. Spotti*, 94 A.3d 367, 381 (Pa. Super. 2014) (finding serious bodily injury where the victim initially had only "pain" following a vehicle accident that subsequently developed into a bone infection requiring surgery and resulting in "long term effects" to the use of the arm); *Caterino*, 678 A.2d at 392 (collecting cases); *Commonwealth v. Cassidy*, 668 A.2d 1143, 1145-46 (Pa. Super. 1995) (concluding victim suffered serious bodily injury requiring her to wear for two months a "brace that went from the top of her chest down to her thighs and a removable wrist cast").

In contrast, this Court has determined that the following injuries did not rise to the level of "serious bodily injury:" (1) a "broken nose, two black eyes and facial lacerations[;]" or (2) being hit on the head by a door, which knocked the victim to the floor, but not unconscious. *Caterino*, 678 A.2d at 392.

In this case, the Commonwealth presented evidence that Victim had back pain but "ke[pt] moving" to prevent stiffness and did not return to work for a week. N.T., 5/24/23, at 50. While Victim's injuries would constitute "bodily injury," defined as "impairment of physical condition or substantial pain," we conclude that Victim's injuries did not result in the "protracted loss or impairment" needed to support a finding of "serious bodily injury."[3] 75 Pa.C.S. § 102.

In so doing, we reject the trial court's conclusion, which emphasized Appellant's heinous actions rather than the specifics of her injuries.[4] While we acknowledge that Appellant's actions placed Victim at risk of serious bodily injury, we reject the conclusion that the evidence was sufficient to prove that Victim, in fact, suffered serious bodily injury as required for Aggravated

---

[3] Indeed, the prosecutor conceded during closing arguments that Victim's injury was "not [a] serious bodily injury according to the law" arguing instead that the jury should convict Appellant because he "attempted to cause serious bodily injury," which is relevant to Aggravated Assault but not Aggravated Assault by Vehicle. N.T., 5/25/23, at 27; **compare** 18 Pa.C.S. § 2702(a)(1) **with** 75 Pa.C.S. § 3732.1(a).

[4] Specifically, the court found the evidence was sufficient for serious bodily injury noting that Victim suffered "an amount of pain consistent with her being struck by Appellant's car, flipped onto another car, and falling onto the pavement of a city street." Trial Ct. Op. at 6. We additionally observe that the court incorrectly employed the standard for a weight of the evidence claim rather than a sufficiency claim when it assessed whether the convictions "should shock any reasonable person's sense of justice[.]" **Id.**; **see Commonwealth v. Sullivan**, 820 A.2d 795, 805-07 (2003). Despite the court's recitation of the improper standard, we can address Appellant's sufficiency challenge as it poses a question of law.

Assault by Vehicle. Accordingly, we vacate Appellant's judgment of sentence and reverse his conviction for Aggravated Assault by Vehicle.[5]

\* \* \*

As in the prior issue, Appellant challenges his conviction for Accidents Involving Death or Personal Injury, graded as a third-degree felony, based upon the lack of a "serious bodily injury." Appellant's Br. at 38-40. Specifically, the Vehicle Code defines the general crime of Accidents Involving Death or Personal Injury as follows:

> The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

75 Pa.C.S. § 3742(a). Relevantly, the Commonwealth charged Appellant with this offense graded as a third-degree felony, which requires that the victim suffer a "serious bodily injury[.]" *Id.* at § 3742(b)(2).

Based on the analysis set forth in regard to Aggravated Assault by Vehicle, we conclude that the Commonwealth failed to present sufficient evidence that Victim suffered "serious bodily injury" as required for a

_____

[5] Appellant also argues that the Commonwealth failed to prove the element of Aggravated Assault by Vehicle requiring that the defendant injure the victim "while engaged" in a violation of a law "applying to the operation or use of a vehicle." Appellant's Br. at 30-32 (quoting 75 Pa.C.S. § 3742(a)). We need not address this argument given that the Commonwealth failed to satisfy the "serious bodily injury" element.

conviction of Accidents Involving Death or Personal Injury, graded as a third-degree felony.

Accordingly, we are constrained to reverse Appellant's conviction of Accidents Involving Death or Personal Injury, graded as a third-degree felony, in addition to his conviction of Aggravated Assault by Vehicle, and vacate the judgment of sentence.

Convictions reversed. Judgment of sentence vacated.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/25/2025