J-S90018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT MCNAMEE | |
| Appellant | No. 2374 EDA 2015 |

Appeal from the Judgment of Sentence Dated March 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003468-2011

BEFORE:  OTT, J., SOLANO, J., and JENKINS, J.

MEMORANDUM BY SOLANO, J.:          **FILED DECEMBER 23, 2016**

Appellant, Albert McNamee, appeals from the judgment of sentence imposed after a jury convicted him of rape, aggravated assault, unlawful restraint, and theft.  We affirm.

The trial court recited the factual background presented at Appellant's trial as follows:

> In July 2009, [the victim] met Appellant and shortly thereafter began a romantic relationship with him.  At one point, [the victim] gave Appellant a key to her house . . ., but shortly thereafter took it back because he came into her home intoxicated early one morning, yelling loud enough to wake up her children.  In November of 2010, [the victim] learned that Appellant was having an affair with a female identified as Nicole, and she broke off the relationship.  However, in January 2011 they reconciled.
>
> Shortly after the reconciliation, Appellant underwent two minor surgical procedures and [the victim] permitted him to recuperate at her home.   [The victim] testified that while Appellant was staying with her he questioned her about her

friendship with a co-worker, []. [The victim] further testified that Appellant inquired about her personal information, and informed her that he had searched her cell phone, whereupon he found text messages exchanged with [the victim's co-worker]. At that point an argument ensued and [the victim] demanded that Appellant leave her home. [The victim] later learned that Appellant also accessed information on her computer, read her emails, and changed her passwords. She confronted [A]ppellant and he admitted tampering with her accounts.

On March 5, 2011, [the victim] attended a charity boxing match where she briefly spoke with [her co-worker] and then joined other friends. While talking with one of her friends, [the victim] observed a text message ostensibly from [her co-worker]. [The victim] located [her co-worker] and asked about the message which he denied sending. [The victim] told [her co-worker] she believed Appellant hacked into her cell phone account. She also told [her co-worker] that Appellant had been sending her anonymous messages that he knew where she was located and what she was doing at any given time. [The victim] then said "I'm going to send you a message and I'll give him something to read" whereupon she sent [her co-worker] the following text message: "Do you want to bang?" [Her co-worker] texted back: "Of course." The pair had a laugh and then separated.

After the event, [the victim], [her co-worker] and their friends went to a bar. While there, Appellant sent [the victim] a text, which she ignored, asking to go out for a drink. Thereafter suspicious cell phone exchanges appeared on [the victim's] and [her co-worker's] phones. Eventually [the victim] let Appellant know that she knew he was making the calls.

The evening ended with [the victim's co-worker] driving [the victim] home. As [the victim] prepared for bed, Appellant kicked in the bedroom door, accused her of having an affair with [her co-worker] and threatened to tell [her co-worker's] wife. The encounter culminated in an argument, a vicious physical assault on [the victim], and ultimately rape, two times. At one point [the victim] was able to escape and yell out to her sleeping son, but was dragged back to the bedroom by Appellant and assaulted again. The son, [], was able to intercede and called the police. [The victim] was treated at Episcopal Hospital for her injuries.

An investigation of [the victim]'s home revealed that in the basement, the wiring for the house telephones had been disconnected. A knife was found at the phone junction location. A search of Appellant's home pursuant to a warrant resulted in the recovery of [the victim]'s cell phone from a cereal box in a kitchen cabinet. Appellant's desktop tower, two laptops and a digital camera were also taken. [The victim's] and Appellant's cell phone, text messages and related records were obtained for the applicable telecommunications devices. A Spyware file, Web Watcher, was found on [the victim]'s computer.

Appellant gave a statement to police admitting to having used Spyware on [the victim]'s computer; and, attempted to explain away his behavior. He testified that he had vaginal sex with [the victim] and that it was consensual. He said that [the victim] was intoxicated.

The defense presented character evidence that Appellant has a reputation in the community for being honest, peaceful, and law-abiding.

Trial Ct. Op., 2/1/16, at 1-4 (citations to notes of testimony, footnote and identifying details pertaining to the victim omitted).

Following trial, the jury rendered its guilty verdicts. On March 2, 2015, the trial court sentenced Appellant to an aggregate 13 to 26 years' incarceration. Appellant filed a post-sentence motion which the trial court denied. Appellant filed a timely appeal, and presents three issues for our review:

[1.] DID THE TRIAL COURT ERR WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE TO PROVE, BEYOND A REASONABLE DOUBT, THE CRIMINAL OFFENSE OF AGGRAVATED ASSAULT?

[2.] DID THE TRIAL COURT ERR WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE TO PROVE, BEYOND A REASONABLE DOUBT, THE CRIMINAL OFFENSE OF RAPE?

[3.] DID THE TRIAL COURT ERR WHEN IT SENTENCED APPELLANT ALBERT MCNAMEE FOR THE CRIMINAL OFFENSES OF RAPE AND AGGRAVATED ASSAULT AS THE SENTENCE FOR RAPE DEPARTED FROM THE PENNSYLVANIA SENTENCING GUIDELINES AND THE SENTENCE FOR AGGRAVATED ASSAULT EITHER DEPARTED FROM THE PENNSYLVANIA SENTENCING GUIDELINES OR WAS IN THE AGGRAVATED RANGE OF THE PENNSYLVANIA SENTENCING GUIDELINES?

Appellant's Brief at 2.

In his first two issues, Appellant challenges the sufficiency of the evidence supporting his aggravated assault and rape convictions.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

**Commonwealth v. Sullivan**, 820 A.2d 795, 805 (Pa. Super.) (citation omitted), **appeal denied**, 833 A.2d 143 (Pa. 2003).

Appellant first claims that the Commonwealth failed to prove the elements of aggravated assault. The statute under which Appellant was convicted states:

**§ 2702. Aggravated assault**

**(a) Offense defined.—**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, **or** causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . .

- 4 -

18 Pa.C.S. § 2702 (emphasis added).

Appellant specifically asserts that "there was no evidence adduced at trial that [Appellant] caused or attempted to cause 'serious bodily injury' to [C]omplainant 'manifesting extreme indifference to human life.'" Appellant's Brief at 17. This assertion is belied by the record. The victim testified that she was preparing to go to bed when her "bedroom door got kicked in." N.T., 7/21/14, at 36. She said she "heard a bash and I turned around and he was just standing there." *Id.* The victim tried to telephone police from her land line and realized the phone line had been cut. *Id.* at 38. She then attempted to retrieve her cell phone from the top of a dresser, and explained:

> So I went for the dresser. And he stepped right in front of me and he said, Don't even think about it. And I said, I don't know who the hell you think you are. And he said, I'm going to show you who the hell I am, and he grabbed me by the hair, punched me a few times in the back of my head.
>
> I was down on my knees and I remember him putting my cell phone in my face and he was saying, Unlock your phone. Unlock your phone now. . . . [and I said] I'm not unlocking anything, and he hit me again and I said, Just please stop. I'll unlock it. So he held the phone while I drew the pattern on it and I just asked him to please let me go to the bathroom. I felt sick. I told him I was going to throw up.

*Id.* at 39.

The victim continued:

> [H]e came into the bathroom and he attacked me and . . . he started to strangle me. . . . I tried to inch away from him while he had me by the hair and he was – he kept punching me in my rear end and then I was rolled onto my back and he was like squeezing my jaw so hard[.] . . . I couldn't breathe at all and I

- 5 -

remember choking and I remember being able to choke out the words, Please don't let my kids find me like this. Stop. Like when they say your life flashes before your eyes, it's true.

He picked me up off that floor by my throat and then he dropped me. He walked out of the bathroom door after that and I just laid there. I couldn't even feel my arms or legs anymore.

N.T., 7/21/14, at 40-41.

Appellant does not dispute the above testimony. Appellant's Brief at 17. In fact, he acknowledges the victim's additional testimony that she suffered "finger mark bruises under her jaw, bruises to her arm, bruises to her foot, a swollen mouth and a lump behind her ear." *Id.*, *citing* N.T., 7/22/14, at 145-46. Appellant nonetheless argues that the evidence was insufficient to support his conviction of aggravated assault because the victim's injuries did not constitute the statutory requirement of "serious bodily injury." *Id.* at 18. However, the statute requires that Appellant only **attempt** to cause serious bodily injury. For aggravated assault purposes, an "attempt" to cause serious bodily injury to another requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012); *see also Commonwealth v. Caterino*, 678 A.2d 389, 391 (Pa. Super.) (holding that for purposes of establishing offense of aggravated assault, the intent to cause serious bodily harm may be shown by circumstances surrounding incident), *appeal denied*, 684 A.2d 555 (Pa. 1996).

The victim's testimony was sufficient for the jury to conclude that Appellant both attempted and intended to inflict serious bodily injury upon her. Moreover, as the trial court observed, "[p]hotographs, medical records, and [the victim's] sons' testimony were introduced into evidence corroborating [the victim's] testimony. . . . The jury clearly found the [victim] was credible." Trial Ct. Op., 2/1/16, at 6. Appellant's first issue therefore is without merit.

In his second issue, Appellant assails the sufficiency of his rape conviction. The statute states:

**§ 3121. Rape**

**(a) Offense defined.—**A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

(1) By forcible compulsion . . .

18 Pa.C.S. § 3121.

Appellant's argument challenging his rape conviction is that the victim's testimony "falls significantly short of fulfilling the element of 'forcible compulsion,'" and "she does not articulate exactly how this incident occurred." Appellant's Brief at 20. Again, the record contradicts Appellant's claim. The victim testified:

> And then he comes over and he stands in front of me and he grabs me by my hair and I go backwards and I'm just saying, Don't. Just don't hit me again. Stop. And I didn't even expect it. Next thing I know I just – I felt him inside of me and I just scooted back real quick and I said, What the fuck are you doing? What the fuck is wrong with you? And he said, You want to bang him but you don't want to bang me? And I said, So you're going

to rape me over that bullshit?  And he said, You can't rape your own girl, and then he was trying again.

N.T., 7/21/14, at 42.

The above testimony was sufficient to support Appellant's rape conviction.  "[I]t is well-established that 'the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses.'"  ***Commonwealth v. Castlehun***, 889 A.2d 1228, 1232 (Pa. Super. 2003) (citation omitted); ***see also Commonwealth v. Davis***, 650 A.2d 452 (Pa. Super. 1994) (stating, "uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient" to support convictions even if defense presents countervailing evidence), ***aff'd***, 674 A.2d 214 (Pa. 1996).  Accordingly, on the basis of the victim's testimony alone, Appellant's second issue is without merit.[1]

In sum, the evidence viewed in the light most favorable to the Commonwealth as verdict winner was sufficient to convict Appellant of aggravated assault and rape.  Therefore, Appellant is not entitled to relief on his sufficiency claims.

In his third and final issue, Appellant challenges the discretionary aspects of his sentence, maintaining that it was "manifestly excessive," and

---

[1] As noted above, the Commonwealth introduced "[p]hotographs, medical records, and [the victim's] sons' testimony" to corroborate the victim's testimony," such that "the jury clearly found the [victim] was credible." Trial Ct. Op., 2/1/16, at 6.

"constituted too harsh a punishment."  Appellant's Brief at 23.  Appellant argues that because his convictions were his "first," and "there was considerable mitigation evidence presented, . . . this sentence was so 'manifestly excessive' that 'it constituted too severe a punishment.'"  *Id.* at 22.

Our jurisdiction in reviewing Appellant's sentencing claim is discretionary, and we may not exercise our discretion unless we first determine:  (1) the appeal is timely; (2) Appellant preserved his issue; (3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentences, as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure; and (4) that concise statement raises a substantial question that the sentences were inappropriate under the Sentencing Code.  *Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015).[2]  If the appeal satisfies each of

---

[2] The third and fourth of these requirements arise because the General Assembly has provided that a challenge to the discretionary aspects of a sentence is not appealable as of right.  *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super.), *appeal denied*, 71 A.3d 323 (Pa. 2013).  Instead, to invoke this Court's power to review the discretionary aspects of a sentence, an appellant must petition the Court to exercise discretionary jurisdiction under Section 9781(b) of the Sentencing Code, 42 Pa.C.S. § 9781(b).  Section 9781(b) provides: "The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence . . .  to the appellate court that has initial jurisdiction for such appeals.  Allowance of appeal may be granted at the discretion of the
*(Footnote Continued Next Page)*

these prerequisites, we may accept it and proceed to the substantive merits of the case. *Id.*

Here, Appellant has fulfilled the first, second, and third of these requirements. He has timely appealed, after preserving his sentencing challenge in his March 11, 2015 motion for reconsideration of sentence, and he has included a separate Rule 2119(f) statement in his appellate brief. *See* Appellant's Brief at 14. However, Appellant's sentencing claim does not present a substantial question for our review. Appellant's argument is that his sentence is "manifestly excessive" and "too severe," given that this was his first offense and he provided ample mitigation evidence such as supporting letters, documentation of his anxiety, documentation of his completion of prison programs, and the testimony of character witnesses. Appellant's Brief at 22-23. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. 2013) (citation omitted).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." The Supreme Court of Pennsylvania has held that a notice of appeal operates as a petition for allowance of appeal under this section so long as the appellant's brief then includes a statement under Rule 2119(f) that sets forth sufficient reasons for this Court to exercise its discretionary jurisdiction. *See Commonwealth v. Tuladziecki*, 522 A.2d 17, 18-20 (Pa. 1987); *see also Commonwealth v. Gambal*, 561 A.2d 710, 712-13 (Pa. 1989).

Nonetheless, even had Appellant presented a substantial question, the trial court explained:

> In the case *sub judice*, prior to the imposition of sentence, the Court carefully considered the Presentence Report and Mental Health Evaluation, the Sentencing Guidelines, and the victim's testimony at sentencing and impact statement. The Court also considered testimony of Appellant's witnesses, and the arguments of counsel. N.T. 3/02/2015. The sentence of the Court is provided for by the Sentencing Code, is within the range provided for in the Sentencing Guidelines, and is not contrary to the fundamental norms underlying the sentencing scheme.

Trial Ct. Op., 2/1/16, at 7. Based on the foregoing, we find no merit to Appellant's claims of error. We therefore affirm the judgment of sentence imposed by the trial court.

Judgment of sentence affirmed.

Judge Ott joins the memorandum.

Judge Jenkins concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/23/2016*

- 11 -